IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:23-CV-00060-MOC-WCM

T.S. and J.S.,

    Plaintiffs,

vs.

ANTHEM BLUE CROSS BLUE SHIELD, and
the DELOITTE LLP GROUP INSURANCE
PLAN,

    Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO PROCEED ANONYMOUSLY

Plaintiffs, through their undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Leave to Proceed Anonymously.

### BACKGROUND

From a very early age, J.S. struggled with anxiety and depression and exhibited behavioral problems.[1] J.S. was especially sensitive to stimuli related to textures, sounds, and environments and was diagnosed with a sensory integration disorder.[2] She had frequent rage-filled tantrums, struggled in school, and exhibited perfectionistic tendencies.[3] At home, J.S. was aggressive, broke things, and threatened her parents and little sister.[4]

---

[1] *See* ECF Doc. No. 2, ¶ 10.
[2] *Id*.
[3] *Id*. at ¶¶ 10-11.
[4] *Id*. at ¶ 12.

J.S. attended therapy with a psychologist as well as other outpatient therapy.[5] While helpful, J.S.'s symptoms persisted, and she was still often paralyzed with anxiety.[6]

After moving to a different state in 2009, J.S.'s symptoms became worse.[7] She threatened to kill herself and her family.[8] And she suffered from physical ailments, including frequent migraines (sometimes lasting as long as a month), back pain, and trouble sleeping.[9] J.S. began receiving treatment in an outpatient program called Brain Balance three times a week.[10]

J.S. also continued to meet with various therapists, psychiatrists, and neurologists, was given additional school accommodations, and had her medications frequently adjusted.[11] But she continued to suffer from severe physical and mental health symptoms which greatly impeded her ability to function normally.[12] J.S. became increasingly depressed, crying herself to sleep nightly.[13] One day, she gave her parents a letter which expressed suicidal ideation and stated, "I don't see a point in trying anymore."[14]

J.S.'s psychologist and psychiatrist recommended that J.S. be immediately placed into a long-term treatment program like the one at Solstice East ("Solstice"), a residential treatment facility that provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems.[15] They believed that J.S. "needed residential care immediately" because:

---

[5] *Id.* at ¶ 12.
[6] *Id.*
[7] *Id.* at ¶ 13.
[8] *Id.*
[9] *Id.* at ¶ 14.
[10] *Id.* at ¶ 13.
[11] *Id.* at ¶ 15.
[12] *Id.*
[13] *Id.* at ¶¶ 15, 30.
[14] *Id.*
[15] *Id.* at ¶¶ 4, 16, 30.

even an intensive outpatient program was not going to be enough for [J.S.] because she had tried consistent therapy and could not keep herself from feeling like she wanted to act on her thoughts of suicide. Her dark thoughts were now stretching from the evening when she was alone in bed to throughout the day. Despite the building of coping strategies, contract work, and behavioral interventions designed to reduce suicidal thought, [J.S.] could not commit to keeping herself safe.[16]

J.S. received health benefits from her mother T.S.'s employee welfare benefits plan, the Deloitte LLP Group Insurance Plan ("the Plan").[17] Anthem Blue Cross Blue Shield ("Anthem"), the third-party claims administrator, however, denied payment for the entirety of J.S.'s treatment at Solstice.[18] After unsuccessfully internally appealing, T.S. and L.S. filed suit against Anthem and the Plan in federal court, raising two claims for relief: first, a claim for recovery of benefits under the Employee Retirement Income Security Act ("ERISA"); and second, a claim that Defendants violated the Mental Health Parity and Addiction Equity Act ("MHPAEA").[19]

The Complaint was filed on March 24, 2022 in the District of Utah.[20] At the time of filing, J.S. was no longer a minor. The case was subsequently transferred to this Court in the Western District of North Carolina.[21] Afterwards, the Court sua sponte ordered Plaintiffs to file either "(1) Notice setting forth the full name of T.S (and the full name of J.S. if she is not a minor) or (2) a Motion for Leave to Proceed Anonymously with a supporting brief, along with a Notice, which may be filed under seal, setting forth the full name of "T.S." (and the full name of "J.S." if she is not a minor)."[22] Plaintiffs consequently file this supporting brief to their Motion

---

[16] *Id*. at ¶ 30.
[17] *Id*. at ¶¶ 1, 3.
[18] *Id*. at ¶¶ 2, 5.
[19] *See* ECF Doc. No. 2.
[20] *See id*.
[21] ECF Doc. Nos. 13, 14.
[22] ECF Doc. No. 15 at 2.

for Leave to Proceed Anonymously, along with a notice of T.S.'s and J.S.'s full names, filed under seal.

## ARGUMENT

**A. The Court Should Allow Plaintiffs to Proceed Anonymously.**

The presumptive rule under the Federal Rules of Civil Procedure is that the identities of the parties are included on the pleadings.[23] However, Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, only using the minor in question's initials when filing their pleading. Moreover, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."[24] The Fourth Circuit has identified several nonexclusive factors that District Courts should consider in evaluating a motion to proceed anonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is **to preserve privacy in a matter of sensitive and highly personal nature**; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; **the ages of the persons whose privacy interests are sought to be protected**; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.[25]

"Not all of these factors may be relevant to a given case, and there may be others that are."[26]

---

[23] *See* Fed. R. Civ. P. 10(a).
[24] *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).
[25] *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (emphasis added); *see also* Fed. R. Civ. P. 26(c) (the Court has broad authority for "good cause" to "issue an order to protect a party or person from annoyance [or] embarrassment.").
[26] *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

The *James* factors weigh heavily in favor of allowing T.S. and L.S. to proceed anonymously here. A minor with mental health issues should not be forced to disclose her most intimate and private medical details simply because an insurance company wrongfully denied her coverage for treatment for these medical issues in violation of federal law.

As to the first factor, T.S. and L.S. are not merely trying to avoid the annoyance and criticism that might come from litigation; rather, L.S. is a young adult whose records of struggling with severe mental health struggles are highly personal—and protected from public disclosure by HIPAA. Courts thus routinely allow parties to proceed anonymously in cases involving sensitive medical issues.[27] Moreover, if the details of this case are publicly linked to L.S., it could cause her even more trauma, and negatively affect her personal and professional future. This factor strongly weighs in favor of permitting Plaintiffs to proceed anonymously.

While the second factor enumerated in *James* is not implicated by this case, the third factor—the ages of the persons whose privacy interests are sought to be protected—weighs heavily in favor of allowing L.S. to proceed anonymously.[28] L.S. was a minor at the time she received the mental health care at issue in this case. In North Carolina, juvenile records— including juveniles' names— are not available to the public.[29]

Courts have consequently recognized that juveniles' names should not be publicly disclosed—even after the juveniles have attained majority—when the facts underlying a lawsuit

---

[27] *See, e.g., K.H.B. v. UnitedHealthcare Ins. Co.*, 2018 U.S. Dist. LEXIS 144690, at *2 (N.D. Cal. Aug. 24, 2018) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously, reasoning that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public").
[28] *James*, 6 F.3d at 238.
[29] *See* N.C. Gen. Stat. § 7B-3000.


5
Case 1:23-cv-00060-MOC-WCM   Document 24-1   Filed 03/29/23   Page 5 of 9

involved them as a minor. For example, the Middle District Court of North Carolina recently ruled that the plaintiff could proceed anonymously when the minor reached the age of majority after the case was filed.[30]

Likewise, in *T.S.H. v. Northwest Missouri State University*, the plaintiffs alleged that their rights were violated when the defendants disclosed their identities in an investigation into voyeurism when the plaintiffs were juveniles.[31] The court granted the plaintiffs' request to maintain the lawsuit under their initials, even though they were by then adults; it observed that "revealing Plaintiffs' identities in this lawsuit would defeat the protections afforded to their juvenile records."[32]

So too here. Any public interest in L.S.'s identity is heavily outweighed by L.S.'s privacy interest.

In addition, disclosing T.S.'s identity will likewise disclose L.S.'s identity, thereby destroying the safeguard of anonymity that must be provided to L.S. pursuant to *James*.[33] Plaintiff T.S. is L.S.'s mother, and if T.S. proceeded using her full name, any individual could easily identify L.S. and would therefore be privy to the intimate details of L.S.'s past history, mental health struggles, self-harm, suicide ideation, and subsequent period of inpatient treatment.

---

[30] *See Order and Recommendation of United States Magistrate Judge*, *N.E. v. Blue Cross Blue Shield of North Carolina and Carson Dellosa Publishing, LLC*, case no. 1:21-cv-00684, ECF No. 47 at 33-34 (M.D. N.C. Feb. 24, 2023) and *Order Accepting Recommendation of United States Magistrate Judge*; ECF Doc. 51 (M.D. N.C. Mar. 29, 2023).
[31] *T.S.H. v. Northwest Mo. State Univ.*, 2019 U.S. Dist. LEXIS 174372, *3-7, 2019 WL 5057586 (W.D. Mo. 2019).
[32] *Id*. at *6. *See also Nelson v. Green*, 2007 U.S. Dist. LEXIS 23125, *5, 2007 WL 984127 (W.D. Va. 2007) (permitting plaintiff suing county social services department to use pseudonym and refer to wife and child by pseudonym).
[33] *Doe v. United States*, 2017 U.S. Dist. LEXIS 234261, at *3 (M.D.N.C. Sep. 12, 2017) ("With respect to the minor Plaintiffs, Fed. R. Civ. P. 5.2(a)(3) requires that only a minor's initials be used in a court filing. To identify initials of the minors and the full name of any guardian appointed would appear to defeat the purpose of Rule 5.2.").

Such an intimate invasion of privacy caused simply by the fact of the mother maintaining insurance coverage for her minor child and the insurance company unreasonably denying covered treatment would be untenable.[34]

The final factors, which instruct the court to evaluate the potential harm to Defendants, also favor allowing T.S. and L.S. to proceed anonymously. Defendants suffer no prejudice from the use of initials in the publicly filed documents, as they control and maintain the entire claim file and have full knowledge and information about who both plaintiffs are. Moreover, HIPAA requires them to protect this medical information.

Another factor not mentioned in *James* bears discussion as well. The public's right to know about, and learn from, the litigation is protected by permitting Plaintiffs to proceed anonymously. By proceeding anonymously, Plaintiffs can publicly disclose the underlying facts of the case. Indeed, they filed their Complaint without redacting the facts. The public, consequently, "will retain access to all aspects of this case except for the identity of the plaintiff."[35] And "denying public access only to [E.R.]'s identity is narrowly tailored to balance the right of access with [E.R.]'s strong privacy interest."[36]

In contrast, if T.S.'s and L.S.'s full names are used, the parties will need to redact large portions of their dispositive motions and file their unredacted motions under seal in order to

---

[34] *See, e.g., Doe v. Richland Cty. Sch. Dist. Two*, 2020 U.S. Dist. LEXIS 39414, at *6 n.3 (D.S.C. Mar. 5, 2020) (allowing the minor plaintiff's mother to proceed anonymously as "Mother Doe" because if the identity of Mother Doe is revealed, the identity of her minor daughter will also be revealed).

[35] *Doe v. Catholic Relief Servs.*, 2020 U.S. Dist. LEXIS 142069, *5, 2020 WL 4582711 (D. Md. 2020) (allowing plaintiff who sued for wrongful termination of health insurance to same-sex spouse to proceed anonymously). Of course, because E.R.'s HIPAA-protected medical records make up the prelitigation record, as is customary, the parties will move to file the prelitigation record under seal.

[36] *Id*.

protect L.S.'s HIPAA rights. But by remaining anonymous, Plaintiffs expect to file their dispositive motion without any redaction necessary, thereby allowing more information to be reflected in the public record.

In short, the relevant factors strongly weigh in favor that Plaintiffs T.S. and L.S. be permitted to proceed anonymously.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court allow them to proceed anonymously, using their initials.

DATED this 29th day of March, 2023

    BRIAN S. KING, P.C.

    BY: /s/ Brian s. King
        Brian S. King, *admitted pro hac vice*
        Attorney for Plaintiff
        420 E. South Temple, Ste 420
        Salt Lake City, UT 84111
        Telephone: (801) 532-1739
        Facsimile: (801) 532-1936
        Brian@briansking.com

    ESSEX RICHARDS, P.A.

    BY: /s/ Norris A. Adams, II
        Norris A. Adams, II, NC Bar #32552
        Attorney for Plaintiff
        1701 South Boulevard
        Charlotte, NC 28203
        Telephone: (704) 377-4300
        Facsimile: (704) 372-1357
        nadams@essexrichards.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all parties registered to receive court notices via the Court's CM/ECF system.

DATED this 29th day of March, 2023

/s/ Brian S. King

## LOCAL RULE 7.3 CERTIFICATE

I hereby certify that pursuant to Local Rule 7.3(d)(1), the foregoing document contains 2,639 words, excluding the caption, signature lines, and certificates.

Dated this 29th day of March, 2023

/s/ Brian S. King