IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00060-MOC-WCM

| | |
|---|---|
| T.S., and J.S., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | ORDER |
| ) | |
| ANTHEM BLUE CROSS BLUE ) | |
| SHIELD, and the ) | |
| DELOITTE LLP GROUP ) | |
| INSURANCE PLAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a Motion to File Exhibits Under Seal or Otherwise Restrict Public Access (the "Motion to Seal," Doc. 35) filed by Defendant Anthem Blue Cross and Blue Shield ("Anthem").

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party

must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

The Motion to Seal requests the sealing of Exhibits B and C submitted in conjunction with Defendants' Joint Motion to Partially Dismiss the Complaint. Anthem represents that these exhibits are proprietary clinical guidelines of non-party MCG Health, which Anthem uses by license as part of Anthem's internal claims process. Anthem states that MCG Health does not permit public access to these guidelines and that the subject materials contain competitively sensitive proprietary information. See Whirlpool Properties, Inc. v. Filters Fast, LLC, No. 3:17-CV-601-FDW-DCK, 2019 WL 553452 at *2 (W.D.N.C. Feb. 12, 2019).

Additionally, Anthem states that Plaintiffs do not object to the Motion to Seal. Further, the public has been provided with notice of the Motion to Seal as it has been pending since May 16, 2023.

The undersigned has considered the Motion to Seal, the public's interest in access to the subject documents, and alternatives to sealing. Further, it appears that Anthem has complied with the requirements of Local Civil Rule 6.1.

Based on the information before the Court at this time, Anthem has

made a sufficient showing and such that the Motion to Seal should be allowed. This ruling, however, may be subject to further consideration by the District Court, or upon a subsequent motion to unseal the subject documents.

**IT IS THEREFORE ORDERED THAT** the Motion to File Exhibits Under Seal or Otherwise Restrict Public Access (Doc. 35) is **GRANTED** and the following documents are **SEALED** until further Order of the Court:

1. Exhibit B (Clinical Criteria for Skilled Nursing Facilities), Doc. 37.
2. Exhibit C (Clinical Criteria for Inpatient Rehabilitation), Doc. 38.

Signed: June 12, 2023

W. Carleton Metcalf
United States Magistrate Judge