UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-60-MOC

| T.S., et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| **ANTHEM BLUE CROSS BLUE,** | ) |  |
| **SHIELD, et al.,** | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on a partial motion to dismiss, filed by Defendants Anthem Blue Cross Blue Shield and Deloitte LLP Group Insurance Plan. (Doc. No. 36). Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's claim for equitable relief under 29 U.S.C. § 1132(a)(3) related to alleged violations of the Mental Health Parity Addiction Equity Act of 2008, 29 U.S.C. § 1185a.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff T.S. is a participant in the Deloitte LLP Group Insurance Plan ("The Plan"), which is a self-funded employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶ 3; see also 29 U.S.C. § 1001, et seq.). J.S. is a beneficiary of the Plan. (Id.). Anthem is claims administrator for the Plan. (Id. ¶ 2).

J.S. sought benefits beginning on March 25, 2019, for residential treatment at Solstice, a "long-term treatment program," based on various behavioral problems J.S. was experiencing

1

(Compl. ¶ 16). Anthem denied benefits for J.S.'s admission to Solstice, determining that J.S.'s residential treatment was not medically necessary as defined by the Plan. (Id. ¶¶ 17–18). Following Plaintiffs' appeals, Anthem affirmed its decision that J.S.'s residential treatment was not medically necessary under the terms of the Plan. (Id. ¶ 18). Plaintiffs requested an external review by an independent review organization, which agreed and affirmed Anthem's determination that J.S.'s residential treatment was not medically necessary under the terms of the Plan. (Id. ¶ 36).

Plaintiffs filed this action in the United States District Court for the District of Utah on March 22, 2022, asserting claims for: (1) a denial of benefits under 29 U.S.C § 1132(a)(1)(B), Compl. ¶¶ 40–45; and (2) equitable relief under 29 U.S.C. § 1132(a)(3) related to alleged violations of the Mental Health Parity Addiction Equity Act of 2008, 29 U.S.C. § 1185a (the "Parity Act"). (Compl. ¶¶ 46–66). Defendants moved to transfer venue, and on February 22, 2023, the District of Utah ordered transfer to this District under 28 U.S.C. § 1404(a).

On May 16, 2023, Defendants filed the pending motion to dismiss Plaintiffs' claim for equitable relief under 29 U.S.C. § 1132(a)(3). Defendants contend that the equitable claim must be dismissed because Plaintiffs allege no injury arising from the claimed Parity Act violation except the denial of benefits under the Plan, an injury for which they have an adequate legal remedy through their benefits claim. Defendants contend that the Fourth Circuit case of Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 107 (4th Cir. 2006), therefore requires dismissal of the claim for equitable relief. Defendants contend, alternatively, that Plaintiffs fail to state a cognizable claim under the Parity Act.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must

accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### III. DISCUSSION

Plaintiffs allege a violation of the Parity Act, seeking equitable relief through 29 U.S.C. § 1132(a)(3). Specifically, Plaintiffs allege Anthem's propriety clinical criteria are more stringent than that of analogous medical/surgical benefits because they violate generally accepted standards of medical practice. (Compl. ¶¶ 25, 28, 50–52, 55–60). They further assert the external review organization, which upheld Anthem's determination regarding lack of medical necessity, relied heavily on J.S.'s lack of prior treatment, applying an improper "fail-first" requirement. (Id. ¶ 62). Plaintiffs allege Anthem and the Plan do not require patients to attempt lower levels of care in reviewing benefits for analogous medical/surgical benefits. (Id. ¶ 63).

Section 1132(a)(3) authorizes a plan participant or beneficiary to sue "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or ... to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of

3

the subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Parity Act requires that, if a group health plan provides both medical and surgical benefits as well as mental health or substance abuse disorder benefits, it must not apply any "treatment limitation to mental health or substance abuse disorder benefits ... that is more restrictive than the predominant ... treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification." 29 C.F.R. § 2590.712(c)(2)(i) (2023). Examples of improper limitations include but are not limited to medical management standards limiting or excluding benefits based on medical necessity; restrictions based on geographic location; facility type; provider specialty; and other criteria that limit the scope or duration of benefits for mental health or substance abuse disorder treatment. 29 C.F.R. § 2590.712(c)(4)(ii)(A), (H) (2023).

The Fourth Circuit has held that claims for equitable relief under Section 1132(a)(3) are barred when "[a] plaintiff whose injury consists of a denial of benefits has adequate relief available for the alleged improper denial of benefits through his right to sue the benefit plan directly under section 1132(a)(1), and thus relief through the application of Section 1132(a)(3) would be inappropriate." Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 107 (4th Cir. 2006). The court found that, in the absence of "special circumstances for which equitable relief is uniquely appropriate," then a plaintiff may not sue for relief under both Section 1132(a)(1)(B) and Section 1132(a)(3). Id. at 108. In discussing Section 1132(a)(3), the Korotynska court cited Varity Corp. v. Howe, 516 U.S. 489, 513 (1996), in which the Supreme Court stated that Section 1132(a)(3) may be used as a safety net for plaintiffs whose injuries cannot be remedied by other provisions and is an alternative, rather than duplicative, cause of action.

Plaintiffs argue that their Parity Act claim is not duplicative of their claim for benefits. Specifically, Plaintiffs assert the Parity Act acts as a "safety net for plaintiffs whose injuries

4

cannot be remedied by other provisions and is an alternative, rather than duplicative, cause of action." (Pl.'s Response Brief at 6). Plaintiffs also argue that, notwithstanding Korotynska, under the Fourth Circuit's decision in Hayes v. Prudential Ins. Co., 60 F.4th 848 (4th Cir. 2023), Plaintiff must be permitted to maintain duplicative or alternative causes of action, including legal and equitable relief under ERISA. The Court disagrees.

First, to the extent Plaintiffs suggest Hayes may have somehow overruled Korotynska, this is incorrect. Korotynska did not bar all equitable relief when a plaintiff simultaneously seeks a legal remedy through Section 1132(a)(1)(B); instead, the Fourth Circuit outlined the limited circumstances under which a plaintiff may do so. 474 F.3d at 108 (requiring claims for equitable relief to be "exceptional" under Varity). Korotynska held where the plaintiff sought only equitable relief for the alleged injury of a denial of long-term disability benefits, she had failed to establish the type of special circumstances required under the Supreme Court's decision in Varity Corp. Id. at 103. Because the plaintiff in Korotynska could have brought her Section 1132(a)(3) claim as a wrongful denial of benefits, the Fourth Circuit affirmed dismissal of her claim for equitable relief at the pleading stage. Id. at 102.

Contrary to Plaintiffs' assertion, the Fourth Circuit's decision in Hayes did not alter the rule established in Korotynska. Rather, Hayes is an application of that rule, allowing a plaintiff to bring a claim for equitable relief simultaneously with a claim for benefits under Section 1132(a)(1)(B) in "exceptional" and "special circumstances." In Hayes, the plaintiff brought only a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), seeking benefits under her spouse's life insurance policy after the plan determined her spouse "failed to convert his [group] life insurance coverage [to an individual policy] in the time set forth in the [group] policy." 60 F.4th at 852. The plaintiff asked the court to "equitably toll[]" the conversion deadline "to allow for an

5

exception . . . set forth in the policy" as the plaintiff's spouse was "incapacitated during the conversion period." Id. The Fourth Circuit refused to apply equitable tolling because, to do so, it would have to "go beyond enforcing" the ERISA plan "as written." Id. at 854 (internal quotation marks omitted) (citation omitted). In other words, the plaintiff's claim, and the relief sought, was not truly a claim for benefits, but an equitable claim asking the court to modify the terms of the plan. Id. The Fourth Circuit accordingly affirmed the judgment against the plaintiff on her benefits claim.

Because the plaintiff had not pleaded a claim for equitable relief under Section 1132(a)(3), the Fourth Circuit concluded it "need not decide whether plaintiff could have obtained relief under Subsection (a)(3)." Id. at 855. However, the court noted in dicta that federal rules and Fourth Circuit precedent allow pleading in the alternative under certain circumstances, and thus "nothing would have prevented plaintiff from suing under both provisions." Id. at 855. But the court did not address whether, had the plaintiff done so, either cause of action would be susceptible to dismissal, which is the situation addressed by Korotynska. Accordingly, Hayes does not "reject" or otherwise render inapplicable Korotynska, which controls the outcome in this case.[1]

Here, Plaintiffs' equitable claim under the Parity Act is almost identical to the plaintiff's equitable claim in Korotynska. Here, Plaintiffs' underlying injury is the same—Defendants'

---

[1] Moreover, if Hayes did purport to overturn Korotynska in some respect, this Court would nevertheless be bound to follow Korotynska. The Fourth Circuit "has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned [e]n banc." United States v. Middleton, 883 F.3d 485, 491 (4th Cir. 2018). "Where there is direct conflict, the precedential decision is the first." Id. Because both Hayes and Korotynska are panel decisions, the Hayes panel lacked the authority to reject or modify the rule established in Korotynska, and this Court remains bound by Korotynska.

denial of benefits under the Plan. Plaintiffs have a cause of action against the Plan directly under § 1132(a)(1)(B). "[T]hus, relief through the application of Section 1132(a)(3) would be inappropriate." Id. at 107. For those reasons, the Court will grant Defendant's motion to dismiss Plaintiffs' claim for equitable relief under 29 U.S.C. § 1132(a)(3) related to alleged violations of the Mental Health Parity Addiction Equity Act of 2008, 29 U.S.C. § 1185a.[2]

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's claim for equitable relief under 29 U.S.C. § 1132(a)(3) related to alleged violations of the Mental Health Parity Addiction Equity Act of 2008, 29 U.S.C. § 1185a.

**IT IS, THEREFORE, ORDERED** that Defendants' Partial Motion to Dismiss, (Doc. No. 36), is **GRANTED**.

Signed: August 3, 2023

Max O. Cogburn Jr
United States District Judge

---

[2] The Court notes, in a case very similar to this one, this Court, with the Honorable Chief Judge Martin Reidinger presiding, recently came to the same conclusion. See L.L. v. Medcost Benefit Servs., No. 1:21-cv-265-MR, 2023 WL 4375663, at *4 (W.D.N.C. July 5, 2023) (denying a motion to reconsider the Court's dismissal of the plaintiff's Section 1132(a)(3) claim as duplicative, discussing Hayes and Korotynska).

7